In the Matter of MONROE GERRICK, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 8, 1971.

*John G. Bonomi* (*Ronald Eisenman* with him on the brief), for petitioner.

*Arnold Bauman* of counsel (*Walter I. Nathan* with him on the brief; *Bauman & Marcheso,* attorneys), for respondent.

*Per Curiam.* This is a motion to confirm the report of the Referee adjudging respondent guilty of professional misconduct, and a cross motion to affirm in part and disaffirm in part such report.

Respondent was charged with commingling with his own funds the sum of $2,500 which he received on behalf of a client to make restitution payments to the New York City Probation Department and that he converted $2,250 of such funds to his own use. Respondent admits the commingling, but denies that there was any conversion. Twelve payments of $50 each were made on account of restitution payments. In the interval, there being an hiatus between certain of the payments, the client was discharged from probation and incarcerated in a Federal place of confinement after conviction on a Federal charge. The client's indebtedness to respondent far exceeded the fund for restitution. Respondent sought judicial guidance (which was not available) and also instituted a civil action to determine whether he had a right to such funds. The action was dismissed for lack of jurisdiction. Respondent testified that he never regarded the fund as his own. After the client made a complaint the balance of the fund was returned to the original donors. The client, through his then attorney, sought to withdraw the charge, stating in writing that he believed the error was one of poor judgment, " an honest mistake ", and noted there was a bill due respondent for services rendered which he would try to take care of when he is able to do so.

This is the first and only charge brought against respondent who was admitted to the Bar in 1936. It is concluded that respondent was guilty of commingling funds and the report of the Referee is confirmed to that extent only. The respondent should be censured for his failure to establish and maintain a special account for the deposit of clients' funds separate and apart from his personal funds.

Stevens, P. J., McGivern, Nunez, McNally and Tilzer, JJ., concur.

Respondent censured.